UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No.  8:22-cv-00262-JLS-KES                              Date: October 28, 2022
Title: Sarah Nowell v. Jan S. Lukac, M.D., Inc.

Present: **Honorable JOSEPHINE L. STATON, UNITED STATES DISTRICT JUDGE**

| V.R. Vallery | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

ATTORNEYS PRESENT FOR PLAINTIFF:     ATTORNEYS PRESENT FOR DEFENDANT:

Not Present                                                           Not Present

**PROCEEDINGS:  (IN CHAMBERS) ORDER GRANTING DEFENDANT'S MOTION TO DISMISS (Doc. 33)**

Before the Court is Defendant Jan S. Lukac, M.D., Inc.'s Motion to Dismiss. (MTD, Doc. 33; Mem., Doc. 33-1.)  Plaintiff Sarah Nowell opposed Defendant's Motion (Opp., Doc. 36), and Defendant replied (Reply, Doc. 38).  The Court finds this matter appropriate for decision without oral argument.  *See* Fed. R. Civ. P. 78(b); C.D. Cal. R. 7-15.  Accordingly, the hearing set for November 18, 2022 at 10:30 a.m., is VACATED. Having considered the pleadings, the parties' briefs, and for the reasons stated below, the Court GRANTS Defendant's Motion.

I.     **BACKGROUND**

Plaintiff alleges that she has "multiple disabilities" that necessitate her having to work with a service dog. (Compl. ¶ 9, Doc. 1.)  She has been working with her current service dog, Ty, for over two years.  (*Id.*)  Plaintiff also alleges that she regularly visited Brea Eye Care[1] for ophthalmological care. (*Id.*)  According to Plaintiff, Dr. Jan Lukac has treated her at Brea Eye Care for many years.  (*Id.* ¶ 13.)

Plaintiff made an appointment with Lukac to be treated for significant ophthalmological issues on August 31, 2021.  (*Id.* ¶¶ 13–14.)  When Plaintiff arrived at Brea Eye Care for her appointment accompanied by both her mother and her service dog,

---

[1] According to the Complaint, "Brea Eye Care" is the d/b/a of Defendant Jan S. Lukac, M.D., Inc.  (Compl. ¶ 7.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No.  8:22-cv-00262-JLS-KES | Date: October 28, 2022 |
| Title:  Sarah Nowell v. Jan S. Lukac, M.D., Inc. | |

staff informed her that only her mother or her dog could accompany her to the examination room—but not both.  (*Id.* ¶¶ 15–16.)  Plaintiff alleges that she had a panic attack during her examination because her mother was not allowed to join her.  (*Id.* ¶¶ 17–18.)

Plaintiff had a follow-up appointment at Brea Eye Care on September 21, 2021, which she attended with her mother but not her service dog.  (*Id.* ¶¶ 19–20.)  Plaintiff's mother accompanied her during her examination and Plaintiff did not have a panic attack during the September 21, 2022 appointment.  (*Id.* ¶¶ 21–22.)

Plaintiff had a third appointment at Brea Eye Care on December 16, 2021, which she decided to attend with both her mother and her service dog.  (*Id.* ¶ 23.)  Plaintiff alleges that during this appointment she was surrounded by staff at Brea Eye Care and told that it was against Brea Eye Care's policy to have both a human companion and a service dog during appointments.  (*Id.* ¶ 26.)  Plaintiff left before her appointment was over.  (*Id.*)

Plaintiff alleges that the incident was "traumatic" and that she was "demeaned, intimidated, harassed, and retaliated against for asserting her rights under the [Americans with Disabilities Act of 1990 ("ADA")] and state law."  (*Id.* ¶ 28.)  Plaintiff claims that she would like to return to Brea Eye Care for ophthalmological appointments because she has been treated there for years, it is located near her home, and accepts her insurance.  (*Id.* ¶ 29.)  Plaintiff cannot return to Brea Eye Care, however, unless it has "implemented proper service animal policies" and better trained its staff.  (*Id.*)

Plaintiff filed the instant suit against Defendant on February 18, 2022, alleging the following causes of action: (1) violations of the California Disabled Persons Act ("CDPA"), Cal. Civ. Code §§ 54 *et seq.*; (2) violations of the Unruh Civil Rights Act, Cal. Civ. Code §§ 51–52; and (3) violations of the ADA, 42 USC §§ 12101 *et seq.* (Compl. ¶¶ 30–71.)  Plaintiff's Complaint seeks injunctive relief under the ADA as well as civil penalties and monetary damages under the California statutes.  (Compl. at 19–20, "Prayer.")

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  8:22-cv-00262-JLS-KES                                              Date: October 28, 2022
Title:  Sarah Nowell v. Jan S. Lukac, M.D., Inc.

On August 22, 2022, Defendant moved to dismiss the action for lack of subject-matter jurisdiction.  On August 31, 2022, Plaintiff moved for leave to file an amended complaint.  The parties have submitted declarations in support of their briefing pertaining to the motions, which recount events occurring before and after Plaintiff initiated the action.

Defendant has submitted declarations from Lukac and Dr. Ramin Tayani with its papers.  Lukac has explained that he began planning for retirement in 2016 and finally decided to sell his practice in 2021 after contracting an extremely severe COVID-19 infection.  (Lukac MTD Decl. ¶¶ 6–23, Doc. 33-2.)  Lukac's and Tayani's declarations state that Jan S. Lukac, M.D., Inc. and Ramin Tayani, M.D., Inc. ("Tayani Inc.") executed an asset purchase agreement ("APA") on December 21, 2022 whereby Lukac's practice and Defendant's assets were sold to Ramin Tayani, M.D., Inc.  (*See, e.g.*, *Id.* ¶ 28.)  Defendant's assets were transferred to Tayani Inc. on January 17, 2022, and Tayani Inc. assumed control of the practice thereafter.  (*Id.* ¶¶ 28–29.)  On that date, Defendant terminated all employees and delivered final payroll to staff, and Tayani Inc. hired most of Defendant's former staff under terms and conditions set forth in Tayani Inc.'s handbook, policies, procedures, and compensation packages.  (*Id.* ¶ 30.)  Neither Defendant nor Lukac were involved in formulating those policies or procedures. (*Id.* ¶ 31.)  Tayani Inc. assumed control of the operations of the practice and gave Lukac the opportunity to continue treating patients during a transition period, subject to Tayani Inc. policies.  (Tayani Decl. ¶¶ 9–11, Doc. 37-3.)  According to Lukac, Tayani Inc. then assumed full responsibility for hiring, firing, and training all employees, with no input from Lukac or Defendant.  (Lukac MTD Decl. ¶ 32.)  As part of the APA, Defendant also assigned the lease under which the practice operated to Tayani Inc. (*Id.* ¶ 33.)  Defendant entered into an independent contractor agreement ("ICA") with Tayani Inc. as well, and Lukac continued to work at the practice on a reduced schedule.  (*Id.* ¶¶ 36, 38.)  Tayani Inc. currently controls the practice in full, including scheduling appointments, staffing, and billing.  (*Id.* ¶¶ 37, 39–41.)  Lukac does not receive direct compensation from patients or insurers.  (*Id.* ¶ 39.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 8:22-cv-00262-JLS-KES                                   Date: October 28, 2022
Title: Sarah Nowell v. Jan S. Lukac, M.D., Inc.

On October 26, 2022, the Court ordered Defendant to file the APA and ICA under seal to substantiate the claims in the Lukac and Tayani declarations. (Order, Doc. 39.) Defendant filed the APA, the ICA, and the lease assignment to Tayani Inc. under seal later that day. (Docs. 40-1–3.) The documents corroborate the declarations of Lukac and Tayani.

Plaintiff has submitted two declarations with her opposition brief: one from herself and another from her mother, Linda Nowell. (L. Nowell Decl., Doc. 36-1; S. Nowell Decl., Doc. 36-2.) Linda Nowell's declaration and accompanying exhibits show that Lukac continues to work at the practice and shares a suite with Tayani Inc. (L. Nowell Decl. Exs. 1, 2.) Linda Nowell also states that she tried to make an appointment with Lukac in particular but was told that Plaintiff would have to make an appointment with another Tayani Inc. doctor. (L. Nowell Decl. ¶ 11.) Plaintiff's declaration details various unsuccessful attempts to schedule an appointment with Lukac in August 2022. (*See generally* S. Nowell Decl.) It appears that Plaintiff insists on being seen by Lukac but Lukac is reluctant to make an appointment with her. Plaintiff has not indicated whether she has attempted or been able to make an appointment with another doctor at the practice, though her briefing indicates that she wants to be treated by Lukac specifically: "Plaintiff wants to return to be treated *by Dr. Lukac* at the subject eye care facility." (Opp. at 2 (emphasis added).)

## II.     LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(1) allows for dismissal of a complaint for lack of subject matter jurisdiction. "[F]ederal courts are courts of limited jurisdiction." *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 374 (1978). "A federal court is presumed to lack jurisdiction in a particular case unless the contrary affirmatively appears." *Stock West, Inc. v. Confederated Tribes of the Colville Reservation*, 873 F.2d 1221, 1225 (9th Cir. 1989) (citing *Cal. ex rel. Younger v. Andrus*, 608 F.2d 1247, 1249 (9th Cir. 1979)). Subject matter jurisdiction must exist when the action is commenced. *Morongo Band of Mission Indians v. Cal. State Bd. of Equalization*, 858 F.2d 1376, 1380 (9th Cir. 1988) (citing *Mollan v. Torrance*, 22 U.S. 9 Wheat. 537, 538 (1824)). This

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  8:22-cv-00262-JLS-KES                                                                  Date: October 28, 2022
Title:  Sarah Nowell v. Jan S. Lukac, M.D., Inc.

means that "[i]n determining federal court jurisdiction, [the court] look[s] to the original, rather than to the amended, complaint." *Id*.  "[A] district court is powerless to grant leave to amend when it lacks jurisdiction over the original complaint."  *Id.* at 1381 n. 2.  But "[w]hen the district court has jurisdiction over the action at the outset but the complaint inadequately alleges jurisdiction, the court may grant leave to amend the defective allegations."  *Id.* at 1381 n. 3.  Subject matter jurisdiction may be raised "at any stage of the litigation."  *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 506 (2006); *see also* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

A Rule 12(b)(1) jurisdictional attack may be "facial" or "factual." *White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000) (citation omitted).  A facial attack asserts that the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction.  *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004).  A factual attack raises a challenge to the truth of the factual basis upon which federal jurisdiction is predicated.  *Id.*  "[I]n a factual attack, the challenger disputes the truth of the allegations that, by themselves, would otherwise invoke federal jurisdiction." *Wolfe v. Strankman*, 392 F.3d 358, 362 (9th Cir. 2004).  When evaluating a factual attack on jurisdiction, a district court may review evidence beyond the pleadings without converting the motion to dismiss into a motion for summary judgment.  *Id.*  (citing *Savage v. Glendale Union High Sch.*, 343 F.3d 1036, 1039 n.2 (9th Cir. 2003)).  "Once the moving party has converted the motion to dismiss into a factual motion by presenting affidavits or other evidence properly brought before the court, the party opposing the motion must furnish affidavits or other evidence necessary to satisfy its burden of establishing subject matter jurisdiction."  *Id.*

### III.     DISCUSSION

Plaintiff invokes federal question jurisdiction over her claims under 28 U.S.C. § 1331 because she seeks relief under the ADA, a federal statute.  (Compl. ¶ 3.)  Plaintiff's Complaint seeks injunctive relief—*i.e.*, that this Court order Defendant to comply with Title III of the ADA by changing its policy to allow Plaintiff full and equal access to

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No.  8:22-cv-00262-JLS-KES | Date: October 28, 2022 |
| Title:  Sarah Nowell v. Jan S. Lukac, M.D., Inc. | |

services at the practice.  (*Id.* ¶¶ 55–71.)  Specifically, Plaintiff seeks that this Court order Defendant to allow patients to attend their appointments accompanied by service animals.  (*Id.* ¶¶ 61–63; Opp. at 16.)

"Damages are not recoverable under Title III of the ADA—only injunctive relief is available for violations of Title III."  *Wander v. Kaus*, 304 F.3d 856, 858 (9th Cir. 2002) (citing 42 U.S.C. § 12188(a)(1)).  "[T]o invoke the jurisdiction of the federal courts, a disabled individual claiming discrimination must satisfy the case or controversy requirement of Article III by demonstrating [her] standing to sue at each stage of the litigation."  *Chapman v. Pier 1 Imports (U.S.) Inc.*, 631 F.3d 939, 946 (9th Cir. 2011) (citing U.S. Const. art. III, § 2; *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992).  That is, an ADA plaintiff "must demonstrate that [she] has suffered an injury-in-fact, that the injury is traceable to the [defendant's] actions, and that the injury can be redressed by a favorable decision."  *Id.*  "Demonstrating an intent to return to a noncompliant accommodation is but one way for an injured plaintiff to establish Article III standing to pursue injunctive relief."  *Id.* at 949.

To establish redressability, a plaintiff must show that it is "likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision."  *Lujan*, 504 U.S. at 561.  A plaintiff's burden to demonstrate redressability is "relatively modest."  *Renee v. Duncan*, 686 F.3d 1002, 1013 (9th Cir. 2012) (quoting *Bennett v. Spear*, 520 U.S. 154, 171 (1997)).  Regardless of the merits of a plaintiff's claims, redressability is not met if the plaintiff's requested relief is "beyond the scope of the district court's remedial power."  *M.S. v. Brown*, 902 F.3d 1076, 1082 (9th Cir. 2018).  And "even where a plaintiff requests relief that would redress her claimed injury, there is no redressability if a federal court lacks the power to issue such relief."  *Id.* at 1083 (citing *Republic of Marshall Islands v. United States*, 865 F.3d 1187, 1199 (9th Cir. 2017) ("Redressability requires an analysis of whether the court has the power to right or to prevent the claimed injury.")).

Here, Plaintiff asserts that her past experiences at Defendant's practice and its purported policy preventing her from attending appointments with her service dog are

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  8:22-cv-00262-JLS-KES                                Date: October 28, 2022
Title:  Sarah Nowell v. Jan S. Lukac, M.D., Inc.

deterring her from seeking ophthalmological care from Lukac.  (Compl. ¶¶ 39, 42, 69; Opp. at 16–18.)  On that basis, Plaintiff seeks that the Court order Lukac "to receive training on service dog policies and practices to prevent him from discriminating against Plaintiff, allowing his staff to discriminate, and order him to refer her to another clinician without imposing his service dog policies and practices in that space."  (Opp. at 18.)  Plaintiff also claims that the Court can order Defendant to change its policies and train its employees to better accommodate the needs of disabled patients.  (*Id.*)

    Defendant argues that Plaintiff's deterrence allegations assume what has been disproven: that Defendant continues to own or control the practice.  (Mem. at 15; Reply at 6–7.)  Whatever policies of Defendant that Plaintiff alleges violate the ADA disappeared once Defendant sold the practice and Tayani Inc. assumed control.  (Reply at 7.)  Because the practice was sold before Plaintiff commenced the action, Defendant argues, she never had a justiciable claim under the ADA.  (*Id.*)  Further, no Court order could get Defendant or Lukac in his personal capacity to change any policies at the current practice, as Tayani Inc. owns and controls the practice and sets its policies.  (*Id.*)

    The Court finds that the declarations and documents filed by Defendant substantiate its claims of the practice's change in ownership and control.  The Court also finds, in light of the change in the practice's ownership and control, that there is no order within the Court's remedial powers that could provide the relief that Plaintiff's Complaint seeks.  Therefore, Plaintiff lacked standing to pursue her ADA claims against Defendant when she initiated the action, and federal jurisdiction was lacking at the outset.  As original jurisdiction over Plaintiff's federal claim was absent when she commenced the action, the Court never had supplemental jurisdiction over her CDPA and Unruh Civil Rights Act claims.

    Generally, "subject-matter jurisdiction depends on the state of things at the time of the action brought."  *Rockwell Int'l Corp. v. United States*, 549 U.S. 457, 473 (2007) (cleaned up).  "The state of things and the originally alleged state of things are not synonymous; demonstration that the original allegations were false will defeat jurisdiction."  *Id.* (quoting *Anderson v. Watt*, 138 U.S. 694, 701 (1891); *Morris v. Gilmer*,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  8:22-cv-00262-JLS-KES                                          Date: October 28, 2022
Title:  Sarah Nowell v. Jan S. Lukac, M.D., Inc.

---

129 U.S. 315, 326 (1889)).  "[A] district court is powerless to grant leave to amend when it lacks jurisdiction over the original complaint."  *Morongo Band*, 858 F.2d at 1381 n. 2.

Here, the Court has found that it lacked jurisdiction over Plaintiff's claims at the outset of the action.  Accordingly, the Court GRANTS Defendant's Motion to Dismiss.  Further, because the Court is powerless to grant leave to amend if it lacked jurisdiction over Plaintiff's initial Complaint, Plaintiff's claims are DISMISSED WITHOUT LEAVE TO AMEND.

## IV.     CONCLUSION

For the foregoing reasons, the Court GRANTS Defendant's Motion to Dismiss.  Plaintiff's claims are DISMISSED WITHOUT PREJUDICE, but WITHOUT LEAVE TO AMEND.

                                                                                  Initials of Deputy Clerk: vrv